RECEIVED
JAN 22 2021
BY MAIL

United States
Plantiff
VS
Lamont.C.Johnson
defendant

Emergency motion for reducing sentence or modifing Judgement under 18 u.s.c § 3582 (c)(1)(A)(ii) expedited ruling requesed due to Covid-19 pandemic

Lamont.C. Johnson is serving a 42 month sentence for a plea for felony and Possession of a firearm (42 months). Defendant argues he Served 2 years (24months) from Jan.10.2019 till now which is Jan.16.2021 but only receiveing (12months) of Senctence and is shduled to be release 8.22 (Aug.2022). However not only has the Covid-19 Pandemic in Marion increased but He also has tested Positive on Dec.3.2020 and Suffers from Chest pain, headaches, loss of appetite, smell and taste still to this day and just recently loss his Grandpa (Cifton Johnson Nov.20) and Granny (Barbra Brock Dec.20) due to Covid-19 and argues that the Continuosly lock-down due to Covid-19 has only made his mental Condition worst. He also has a 7year old son that needs his father in his life.

Furthermore movant Claims his as well as alot of others exposures Could have been prevented. Defendant Argues he wittnessed numerous of staff not wearing mask, expecienced mixture of quartine due to lack of space, Triple men cells, declined access to hygiene Forced to utilize Comnunal showers after Positive inmates when "was Negative" as well eat from trays which positive inmates did as well and numerous of other illegal Conditions which gose against CDC Guidelines. Jan.9.2020 movant was sentence to 42 months in B.O.P However while in Custody at Marion Corr facility Johnson not only experience a pandemic outbreak of Covid-19, but he also tested Positive due

a mismanaged move which shows Facility is not doing the best to protect inmates. Records show that Marion is number 3 of Worst Prisons with outbreaks (Covid-19)

Analysis

A. Compassionate release - Befor the First step act the Compassionate release statue empowers Courts to reduce a defendants sentence whenever "extraordinary and Compelling reasons warrant such a reduction" The statue was first enacted as part of the Comprehensive Crime Control act of 1984 to serve as a "Safty Value" to enable Judges to reassess whether a sentence reduction was warranted by factors previously addressed thought the abolished Parole System. The act left the sentenceing Commission to define what Constituted "extraordinary and compelling reasons which it depined as including medical conditions, Family circumstances, and other reasons.

although Congress again Changed the sentenceing Commission with defining what "extraordinary and Compelling reason would be". The most recent version of the sentenceing Commission Guidelines manual (Nov. 2018) Predated the first step act. There the Commission enumerated three spiecific reasons that qualify as extraordinary and compelling (A) terminal illness diagnose or serious medical, Physical or mental impairments from which a defendants Capacity for self care in prison (B) health two family related circumstance death/incapacitation of the only Caregiver for the inmates child or (ii) incapacitation of inmates spouse - if the inmate is the spouse's only caregiver. The guide line also includes a catch all provision (C) that gave the "director of the B.O.P the authority to determine if "theres exits in the defendants Case an extraordinary and Compelling reason other than or in

Combination with the other Catagories with the legislative history inmind and without Current guideance from the sentence Commissi many Courts have found. U.S.A vs Carter NO. 16-Cr-156 at xCDDC June.10.2020 granting sentence reduction (served 48 months of 80month sentence tested Positive) No other health issues and nothing was at hightened risk of developing serious Complications should he be exposed again.

others have granted Compassionate release even when the defendant has no underlying health Conditions and has not Contracted the Virus-simply due to Current Conditions within the burreau of Prisons and lack of qualiable programming some have defined "other reasons to include defendants.

B. "Inmate will be able to move effectively to avoid Contracting Covid-19 and get better treatment on home Confindment" U.S.A VS Brown NO 2:18-Cr-366 Ecf No. 35.35 (N.D. Ala May 22.2020) U.S.A VS Arreola-Bretado Case NO 3:19-Cr-3410, Ecf NO. 50 (S.D. Cal may.15 2020 granting motion to defendant who tested positive after Concluding she will recieve better medical treatment on home confindment) U.S.A VS Fischman, 16-Cr-00246-HSG-1, Ecf No. 76 (N.D. Cal may.1.2020) granting motion to defendant who tested positive) U.S.A VS Huntly NO 13-Cr-119-ABJ, Ecf No 263 at 8n 9.10 (D.DC May 2020) granting motion to defendant who tested positive) U.S.A VS Jacobs NO. 19-Cr-149, Ecf NO 84 (S.D IA July.2.2020) defendant tested positive and has been treated with tylenol Continue to test positive a month later is granted 35822) U.S.A VS Plank NO, 17-Cr-20026 at * 5-6 (D. Kan, july.2.2020) noteing despite the B.O.P measures over one third of Population has been

infected and finds that despite being Covid-19 positive the risk to defendants remains as it has not been established that a person becomes Completly immune to the virus after infected see e.g U.S.A vs rangel 319-Cr-00071-SIG Ecf NO 54 (D. Ala july.10.2020) Gleason J granting Compassionate release due to Covid-19 pandemic without specific reference to conditions there, and fact that defendant could not be Considered for. The Court should view the 2018 Guidlines as Persuasive but not binding, this Court should then exercise its Discerction. To hold that the current pandemic and health risk and or mental risks it poses to prisoners in general and to Johnson in perticualr alone with the fact he is unable to seek help for his drug addiction due to Covid-19 pandemic being the reason of incomplete program, as well as the fact he tested positive for Covid-19 and has yet to recover and the risk to defendants remain as it has not been established that a person becomes Completly immune to the virus after infected and or how worst the second wave would be and the fact that he is remorseful for his Crime(s) and amitts to his wrong. All the reason above from extraordinary and Compelling reason to grant Compassionate release and release defendant to halfway house our home Confindment See also U.S.A vs Garcia-Zunigia, 2020 WL 340 3070 (S.D Cal June.19.2020) granting motion to defendant due to the fact she Could not be Considered for programming.

C. The Covid-19 pandemic is an extraordinary and Compelling reason to grant a sentence reduction. Records from Massive outbreaks at Marion usp will prove that not only is his and the rest of the Compounds 8th Amendment is being Violated, but it will

also prove the facility is not doing it's best job to protect inmates. In fact his exposure could have been prevented if moves were managed properly and or staff wore there masks. He also argues the fact he was forced to cell with inmates befor he was positive and utilize showers after positives inmates see E.G Ross vs Blake 136 sct 1850, 1855 (2016) Singh vs Ash croft, 362 F.3d 1164, 1169 9th cir 2004 c.t is Axiomatic that one need not exhaust administrative Remedies that would be futile impossible to exaust) See Timothy williams, et at coronavirus cases rise sharply in prison's June. 16. 2020 avaliable at https www. Nytimes.com 2020 /06/16/ Coronavirus. also see how much covid-19 positive increased at Marion crr.

D. Compassionate release is appropreiate because Johnson heighted risks of mental and or medical conditions. According to Johnson he has become stressed prior to Covid-19. However the Covid-19 Pandemic has increased at usp marion corr and movant states he has been locked in a three man cell for 23hrs a day from as early as Apr. 1. 2020 due to Covid-19. This cruel and unusual punishment is enough to prove the mental outbreaks he's experiened. Not only does he complain to psicology of the symptom's he's experiened, but states that due to Covid-19 he is unable to recive the proper treatment. Furthmore since testing positive he still suffers from headaches, chest pains loss of appetite, smell and taste. With movant catching Covid-19 in facility he does have a pre-existing condition that No doctors knows the long term affects (Covid-19). These should be demostrated as extraordinary and compelling reasons warranting Compassionate release due

to the unique risk that Covid-19 terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant unlikely to recover care in prison. why asked why he has been unable to recieve medication or physcology for his mental issues.

E. Compassionate release is appropriate because Johnson is in need of drug programming as well as the other programs to seek help for release. However Johnson argues due to Covid-19 Pandemic he is unable to seek benfits or knoledge from programming. According to Johnson he does wont to recieve help for his drug addiction, as well as seek benfits from job search, write a resume and or other programs. He argues that he is likely to benifit more from being released on home confindment and or check into a outpatient program.

F. The appicable §3553 sentence factors favor release Johnson commited crime(s) for which he has been punished severely. He also is remorseful and now understands his wrongs and willing to make it right to raise his 7 year old son. If request is granted would result in him serving an additional amount of time on supervised release and or months of confindment. Both subject to strict conditions for which he could impose should he violate them. A hardly insignificant sentence, commiting Johnson sentence to Home confindment will still result in significant punishment, reflect the seriousness of the offense, and promise to respect the law.

# Conclusion

The Covid-19 Pandemic and the increased risk the virus poses to inmates in general and Johnson in Particular is a extraordinary and Compelling reason to grant motion, so the disproptionate Policy of the Burrea of Prison's implies towards Movants sentence. as well as the fact he not only tested positive for Covid-19, but he also is unable to recieve the proper treatment he seeks, so is the fact his 8th Amendment has been violated due to the Cruel and unusual punishment he has experienced from mismanged moves, lack of "medical Attention", staff not wearing there masks etc, Because release is also appropriate in light of the applicable 3553 sentence factors, this Court should reduce his sentence to time served, leaving the supervised release porton of his judgment untouched or release defendant on Home Confindment

Date Jan. 18. 2021

Lamont.C. Johnson

[signature]